# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RUSSELL D. BALCH,

    Plaintiff,

vs.

    Civil Action 2:09-cv-00002
    Judge Graham
    Magistrate Judge E. A. Preston Deavers

OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

    Plaintiff, Russell D. Balch, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC"), the Grafton Correctional Institution ("GCI"), and Terry Collins, Darlene Krandall, Sgt. Pletcher, Sgt. Heathcoat, Roger Vandersommen, C.O. Smith, and Mr. Weishar, in their individual and official capacities as ODRC or GCI prison officials, seeking monetary, injunctive and declaratory relief. The Court granted Plaintiff's request to proceed *in forma pauperis*. Plaintiff asserts that Defendant ODRC's policy of denying credit to inmates to make legal photocopies violates his constitutional right to meaningful access to the courts. He further asserts that he was unlawfully retaliated against for exercising his constitutionally-protected right to free photocopies. For the reasons that follow, it is **RECOMMENDED** that the Complaint be **DISMISSED** *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I. STANDARDS INVOLVED

**A.  28 U.S.C. § 1915(e)(2)(B)**

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, requires a district court to dismiss a case if the court determines that:

> (B) the action or appeal–
>
> > (i) is frivolous or malicious;
>
> > (ii) *fails to state a claim on which relief may be granted*; or
>
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B) (emphasis added).  "Section 1915(e)(2) is applicable throughout the entire litigation process."  *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).  Thus, a Court may dismiss an action under Section 1915(e)(2) at any stage of the action "should it become apparent that the case satisfies this section."  *Id*.

The undersigned recommends dismissal of the instant action based upon a determination that Plaintiff's Complaint fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  In considering whether a complaint fails to state a claim, a court must construe the pleading in favor of the party asserting a claim, accepting the factual allegations contained in that party's pleading as true, and determining whether the factual allegations present a plausible claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  A court is not required, however, to accept as true legal conclusions.  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009).  Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 1950.

### B.     42 U.S.C. § 1983

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Dominguez v. Corr. Med Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (same). Because Section 1983 is not a source of substantive rights, but instead provides a method for vindicating federal rights, a Section 1983 plaintiff must first identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted).

## II.     ALLEGATIONS OF FACT

Plaintiff's claims in the instant case involve a prior civil action, which Plaintiff also filed in this Court, *Balch v. Ohio Department of Corrections*, Case Number 2:08-cv-976 ("2008 Case"). Due to Plaintiff's indigency in the prior action, ODRC policy allowed Plaintiff free mailing to "Courts of Law." (Compl. ¶ 15). The prison policy, however, precluded authorization of free legal photocopying or extensions of credit to make legal photocopies, even for indigent inmates.

In contravention of prison policy, upon Plaintiff's request, Defendant Vandersommen made 60 free photocopies of summonses for Plaintiff for the 2008 Case. Approximately 15-20 minutes after obtaining the free photocopies, Defendant Sgt. Pletcher questioned Plaintiff about the photocopies, requiring Plaintiff to turn over all but 19 of the 60 photocopies because there were 19 defendants in the 2008 Case. Plaintiff then informed Defendant Sgt. Pletcher that he was instructed by the Court to send four photocopies per defendant. Defendant Sgt. Pletcher responded by returning all of the summones to Plaintiff, ordering him not to make any further

3

photocopies without having the funds to pay for them even if they were legal photocopies.

The following day, Defendant Vandersommen ignored Defendant Sgt. Pletcher's orders and extended credit to Plaintiff to make legal photocopies. Defendant Vandersommen told Plaintiff "IT NEVER HAPPENED" because Defendant Sgt. Pletcher "was out to get him." (Compl. ¶¶ 30-31). Plaintiff received disciplinary conduct reports for violating prison policy by making photocopies without money to pay for them. In addition, B-Unit Corrections Officers threatened Plaintiff with additional discipline, including segregation, if he continued to make photocopies without paying for them.

### III. ANALYSIS

Plaintiff's Complaint fails to state a First Amendment or Section 1983 claim because he does not enjoy a Constitutional right to free photocopies. "The First Amendment protects an inmate's right to access to the courts, but not necessarily his access to all the legal assistance or materials he may desire." *Tinch v. Huggins*, No. 99-3436, 2000 WL 178418, at *1 (6th Cir. Feb. 8, 2000) (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). "The law is well settled that inmates do not enjoy a federally protected right in free photocopying services." *Tinch*, 2000 WL 178418, at *1 (citations omitted). Likewise, Courts have consistently found that authorization to proceed *in forma pauperis* does not confer a right to free photocopies. *See, e.g., Hollum v. Kent*, 262 F.2d 862, 863 (6th Cir. 1959) (citations omitted) ("The statutory right to proceed *in forma pauperis*, Sec. 1915, Title 28, U.S.Code, does not include the right to obtain photocopies of court orders without payment therefor."); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (holding that *in forma pauperis* status "does not give the litigant a right to have documents copied and returned to him at government expense."); *Whiteside v. Collins*, No. 2:08-CV-875, 2009 WL 4281443, at *7 (S.D. Ohio Nov. 24, 2009) (King, M.J.) (quoting *Fazzini*

4

*v. Gluch*, 875 F.2d 863, 1989 WL 54125, at *2 (6th Cir. May 23, 1989)) ("The right of access to the courts does not require that prison officials provide free, unlimited access to photocopying machines.").

Plaintiff cannot exempt his claims from the foregoing case law by asserting that he does not want free photocopies, only the ability to pay for the photocopies on credit. *See Tinch*, 2000 WL 178418, at *1. Just as here, the *Tinch* plaintiff challenged the prison's refusal to authorize him to pay for legal photocopies by credit, claiming he was deprived of meaningful access to the courts. (*Id.*). Applying the body of case law holding that an inmate does not enjoy a federally protected right to free photocopying, the Sixth Circuit upheld the dismissal of the *Tinch* plaintiff's claims. (*Id.*). In doing so, the Court noted that, "[a]lthough [plaintiff] contends that he did not want 'free copies,' but only credit, the result is the same . . . ." (*Id.*).

The single case Plaintiff references in his Complaint, *Giles v. Tate*, 907 F.Supp. 1135 (S.D. Ohio 1995), is distinguishable. In *Giles*, the plaintiff alleged that the prison's policy of refusing to allow credit for photocopies effectively denied him access to the courts. 907 F.Supp. at 1137. The *Giles* court agreed because, in that case, the prison's policy "effectively denied access to documents that [were] critical to [plaintiff's] pending litigation, and therefore [plaintiff] had] demonstrated actual injury." *Id.* at 1138. In the instant case, unlike the *Giles* plaintiff, Plaintiff is unable to demonstrate actual injury. Plaintiff fails to support his legal conclusions with factual allegations suggesting that Defendant ODRC's photocopying policy prejudiced his ability to pursue his complaint. Indeed, a review of the 2008 Case's docket demonstrates that Plaintiff has not been prejudiced in pursuing his complaint.[1]

---

[1] The Court takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the docket in *Balch v. Ohio Department of Corrections*, Case No: 2:08-cv-1050, also in the

5

Finally, to the extent Plaintiff seeks to assert a retaliation claim, that claim, too, must fail. Plaintiff appears to contend that the disciplinary conduct reports and threats of additional discipline were retaliation for obtaining legal photocopies on credit. To prevail on a retaliation claim, an inmate must establish three elements: (1) that he was engaged in constitutionally-protected conduct; (2) that an adverse action was taken against him that "would deter a person of ordinary firmness from continuing to engage in the conduct"; and (3) that there is a causal connection between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted). Thus, Plaintiff's inability to establish a statutory or constitutional right to free photocopies is fatal to his retaliation claim.

## IV. CONCLUSION

Because Plaintiff's *in forma pauperis* status confers no statutory or constitutional right to free photocopies, and because Plaintiff cannot establish that he has been denied his constitutional right to access the courts, his Complaint fails to state a First Amendment Claim. *See Tinch*, 2000 WL 178418, at *1. Consequently, Plaintiff's Complaint also fails to state a Section 1983 or retaliation claim. *See Albright*, 510 U.S. at 271; *Thaddeus-X*, 175 F.3d at 394.

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## V. NOTICE TO THE PARTIES

---

Southern District of Ohio. The 2008 Case is still pending. (*See* Case No. 2:08-cv-00976). Since filing the instant action on January 5, 2009, Plaintiff Balch as filed several motions in the 2008 Case, including the following motions: Motion for Preliminary Injunction, Motion for Temporary Restraining Order and Sanctions, multiple motions for extensions of time, Motion to Withdraw, Motion for Production of Documents, Motion for Appointment of Counsel, Motion to Compel Discovery, Motion to Dismiss Defendants' Motion. (*See id.*, Docs. 30, 33, 35, 38, 40, 42, 46, 54, 55 and 59).

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

<u>May 18, 2010</u>                                                              <u>    /s/ *Elizabeth A. Preston Deavers*    </u>
                                                                                              Elizabeth A. Preston Deavers
                                                                                              United States Magistrate Judge